IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIA PETER; MICHAEL PETER; JULIKA BERGER; and JAROLIN BERGER,<br><br>        Plaintiff,<br><br>  vs.<br><br>SUSAN DIANE WOJCICKI, CEO of YouTube; WILLIAM HENRY GATES, Co-Chair and Trustee of the Bill & Melinda Gates Foundation, misnamed as William Henry Cates, President of BMGF; STÉPHANE BANCEL, CEO of Moderna Therapeutics; ALBERT BOURLA, CEO of Pfizer Inc.,<br><br>        Defendants. | CIVIL NO. 21-00449 SOM/KJM<br><br>ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.    INTRODUCTION.**

On November 8, 2021, Plaintiffs Maria Peter, Michael Peter, Julika Berger, and Jarolin Berger filed the Complaint in this matter, naming as Defendants Susan Diane Wojcicki, CEO of YouTube; William Henry Gates, Co-Chair and Trustee of the Bill & Melinda Gates Foundation, misnamed as William Henry Cates, president of BMGF; Stéphane Bancel, CEO of Moderna Therapeutics; and Albert Bourla, CEO of Pfizer Inc.  *See* ECF No. 1.

On December 6, 2021, in response to a deficiency order, Plaintiffs filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). *See* ECF Nos. 3 and 5.

Pursuant to 28 U.S.C. §§ 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted. Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

## II.         FACTUAL BACKGROUND.

Plaintiffs, citizens of Austria and Germany, filed the identical Complaint in multiple jurisdictions, including at a minimum the District of Wyoming (21cv00205 ABJ), the Eastern District of Pennsylvania (2:21cv04994TJS), the District of Wyoming (1:21cv00451 WES/LDA), and the District of Nevada (2:21cv02026 APG/EJY).[1] The Complaint appears to allege that Defendants were negligent, but lacks facts articulating what each of the Defendants allegedly did. At best, the Complaint alleges that Defendants "failed to keep the risk of synthetic bioweapon-attacks at the 10% low, but rose it to a 70% high." *See* ECF No. 1, PageID # 4. The Complaint appears to discuss COVID-19 vaccines and the need to get the vaccines to 7 billion people. *See id.* Apparently, Plaintiffs believe that Defendants caused

---

[1] The District of Nevada has not filed the Complaint, although it has filed an order about it.

various governments around the world to believe that there was a deadly virus spreading, presumably a reference to COVID-19. *See id.* Then, the Complaint alleges that Defendants "let damage – knowhow fall - uncensored - into wrong hands, because on 30/12/2020 NATO/Brussels announced nuclear (!) retaliatory strikes against aggressive states/terrorists using synthetic bioweapons." *Id.* Plaintiffs claim to have suffered "mental disease Akva-A." *Id.*

Plaintiffs seek $100,000 in compensatory damages ($25,000 each) and $16,000,000,000 in punitive damages. *See* ECF No. 1, PageID # 4.

**III.     STANDARD.**

To proceed in forma pauperis, Plaintiffs must demonstrate that they are unable to prepay the court fees, and that they sufficiently plead claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The court therefore screens Plaintiffs' Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations

and dismiss those claims whose factual contentions are clearly baseless . . . . Examples of the latter class . . . are claims describing fantastic or delusional scenarios").

**IV. ANALYSIS.**

The factual allegations in the Complaint fail to assert any viable claim. As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is required to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

From what this court can glean from the Complaint, Plaintiffs are suing the CEO of YouTube, the co-chair and Trustee

4

of the Bill & Melinda Gates Foundation, and the CEOs of Moderna and Pfizer, companies responsible for two of the COVID-19 vaccines available in the United States. However, it is not at all clear from the Complaint's allegations how each of the Defendants was negligent or how they caused Plaintiffs' alleged mental diseases. In fact, their reference to "nuclear (!) retaliatory strikes against aggressive states/terrorists using synthetic bioweapons" gives the appearance that their Complaint is grounded in assertions for which no factual bases are evident. *See Denton*, 504 U.S. at 32.

Under these circumstances, the Court dismisses the Complaint, as it fails to allege any viable claim supported by sufficient factual allegations.

**V.       CONCLUSION.**

Plaintiffs' Complaint is dismissed, and the IFP Application is denied as moot. The court grants Plaintiffs leave to file an Amended Complaint that states a viable claim no later than January 7, 2022. Plaintiffs may submit another IFP Application at that time. Failure to file an Amended Complaint by January 7, 2022, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to Plaintiffs should they decide to file an Amended Complaint. First, Plaintiffs

5

should state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the particular Defendant.  In other words, Plaintiffs should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for.  If Plaintiffs use a court form, they may, of course, attach additional pages to provide greater detail.

Second, Plaintiffs should consider whether they are suing the proper Defendants.  In their Complaint, they name the heads of various companies.  Plaintiffs should consider whether the individuals are the proper Defendants.

Third, Plaintiffs should consider whether this court has personal jurisdiction with respect to each Defendant and whether this court is the proper venue for their claims.

Finally, if any Defendant is a minor, Plaintiffs should consider whether the minor may proceed *pro se* or whether he/she must be represented by counsel.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 7, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Peter, et al v. Wojcicky, et al.*, Civ. No. 21-00449 SOM/KJM; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS