IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIA PETER; MICHAEL PETER; JULIKA BERGER; and JAROLIN BERGER, | ) ) ) | CIVIL NO. 21-00449 SOM/KJM |
| | ) | ORDER DISMISSING AMENDED |
| Plaintiff, | ) ) | COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED |
| | ) | *IN FORMA PAUPERIS* |
| vs. | ) | |
| | ) | |
| SUSAN DIANE WOJCICKI, CEO of YouTube; WILLIAM HENRY GATES, Co-Chair and Trustee of the Bill & Melinda Gates Foundation and President of BMGF; STÉPHANE BANCEL, CEO of Moderna Therapeutics; ALBERT BOURLA, CEO of Pfizer Inc., | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING AMENDED COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS***

**I.       INTRODUCTION.**

On November 8, 2021, Plaintiffs Maria Peter, Michael Peter, Julika Berger, and Jarolin Berger filed the Complaint in this matter, naming as Defendants Susan Diane Wojcicki, CEO of YouTube; William Henry Gates, Co-Chair and Trustee of the Bill & Melinda Gates Foundation and president of BMGF; Stéphane Bancel, CEO of Moderna Therapeutics; and Albert Bourla, CEO of Pfizer Inc. *See* ECF No. 1.

On December 6, 2021, Plaintiffs filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). *See* ECF No. 5. Pursuant to 28 U.S.C.

§§ 1915(e)(2), this court screened the Complaint and determined that it failed to state a claim on which relief may be granted. Accordingly, the court dismissed the Complaint and denied the IFP Application as moot, granting Plaintiffs leave to file an Amended Complaint and another IFP Application. *See* ECF No. 8.

On December 20, 2021, Plaintiffs filed an Amended Complaint that is almost identical to their original Complaint, as well as another IFP Application. This court screens the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and determines that it again fails to state a claim on which relief may be granted. For the reasons set forth in this court's dismissal of the original Complaint, this court dismisses the Amended Complaint and directs the clerk of court to enter judgment in favor of Defendants and to close this case.

II.      **FACTUAL BACKGROUND.**

Plaintiffs, citizens of Austria and Germany, filed nearly identical complaints in multiple jurisdictions, including at a minimum the District of Wyoming (21cv00205 ABJ), the Eastern District of Pennsylvania (2:21cv04994TJS), the District of Wyoming (1:21cv00451 WES/LDA), and the District of Nevada (2:21cv02026 APG/EJY).[1]  The Amended Complaint appears to allege that Defendants were negligent, but lacks facts articulating what

---

[1]The District of Nevada has not filed the Complaint, although it has filed an order about it.

2

each of the Defendants allegedly did.  At best, the Amended Complaint alleges that Defendants "failed to keep the risk of synthetic bioweapon-attacks at the 10%-low, but rose it to a 70%-high."  *See* ECF No. 9, PageID # 35.  The Amended Complaint appears to discuss COVID-19 vaccines and the need to get the vaccines to 7 billion people.  *See id.*  Apparently, Plaintiffs believe that Defendants caused various governments around the world to believe that there was a deadly virus spreading, presumably a reference to COVID-19.  *See id.*  Then, the Amended Complaint alleges that Defendants "let damage – knowhow fall - uncensored - into wrong hands, because on 30/12/2020 NATO/Brussels did announce nuclear (!) retaliatory strikes against aggressive states/terrorists using synthetic bioweapons."  *Id.*  Plaintiffs claim to have suffered "anxiety disease Akva-A."  *Id.*  These allegations are nearly identical to the allegations in Plaintiffs' original Complaint.  *Compare* ECF No. 9 *with* ECF No. 1.

Plaintiffs seek $100,000 in compensatory damages ($25,000 each) and $16,000,000,000 in punitive damages.  *See id.*

**III.      STANDARD.**

To proceed *in forma pauperis*, Plaintiffs must demonstrate that they are unable to prepay the court fees, and that they sufficiently plead claims.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  The court therefore screens

3

Plaintiffs' Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples of the latter class . . . are claims describing fantastic or delusional scenarios").

## IV.        ANALYSIS.

        In dismissing Plaintiffs' original Complaint, this court ruled that its factual allegations failed to assert any viable claim. As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint is required to "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

From what this court could glean from the original Complaint, Plaintiffs sued the CEO of YouTube, the co-chair and Trustee of the Bill & Melinda Gates Foundation and the president of BMGF, and the CEOs of Moderna and Pfizer, companies responsible for two of the COVID-19 vaccines available in the United States.  However, it was not at all clear from the original Complaint's allegations how each of the Defendants was negligent or how each caused Plaintiffs' alleged mental diseases. In fact, the reference to "nuclear (!) retaliatory strikes . . . using synthetic bioweapons" gave the appearance that the original Complaint was grounded in assertions for which no factual bases were evident. *See Denton*, 504 U.S. at 32.  *See* ECF No. 8.

Given the deficiencies in the original Complaint, this court provided Plaintiffs with guidance with respect to amending it:

> First, Plaintiffs should state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the particular Defendant.  In

other words, Plaintiffs should allege facts
with respect to what each Defendant allegedly
did and what each Defendant should be held
liable for.  If Plaintiffs use a court form,
they may, of course, attach additional pages
to provide greater detail.

Second, Plaintiffs should consider
whether they are suing the proper Defendants.
In their Complaint, they name the heads of
various companies.  Plaintiffs should
consider whether the individuals are the
proper Defendants.

Third, Plaintiffs should consider
whether this court has personal jurisdiction
with respect to each Defendant and whether
this court is the proper venue for their
claims.

Finally, if any Defendant is a
minor, Plaintiffs should consider whether the
minor may proceed *pro se* or whether he/she
must be represented by counsel.

*Id.*, PageID #s 29-30.

Plaintiffs' Amended Complaint ignored this guidance and
was instead almost identical to the original Complaint.
Accordingly, for the reasons set forth in the order dismissing
the original Complaint, ECF No. 8, the court dismisses the
Amended Complaint.  The Amended Complaint again fails allege any
viable claim supported by sufficient factual allegations.

6

**V.      CONCLUSION.**

Plaintiffs' Amended Complaint is dismissed, and the Amended IFP Application is denied as moot.

When this court dismissed Plaintiffs' original Complaint, this court granted Plaintiffs leave to file an Amended Complaint.  The court provided Plaintiffs with guidance as to what amendments would be necessary to proceed in this court. Plaintiffs have nevertheless filed nearly identical allegations in their Amended Complaint--allegations already asserted in multiple jurisdictions.  The Amended Complaint therefore has the same deficiencies as the original Complaint.  Given Plaintiffs' failure to attempt to cure the identified deficiencies, this court rules that granting Plaintiffs further leave to amend their pleading would be futile.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  Accordingly, the court dismisses the entire action and directs the Clerk of Court to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 27, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Peter, et al v. Wojcicky, et al.*, Civ. No. 21-00449 SOM/KJM; ORDER DISMISSING AMENDED COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS*